# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

DONALD C. PLAISANCE

NO. 2025 KW 0782

**NOVEMBER 12, 2025**

---

In Re:   State of Louisiana, applying for rehearing 22nd Judicial
         District Court, Parish of St. Tammany, No. 4517-F-2024.

---

**BEFORE:   THERIOT, PENZATO, AND BALFOUR, JJ.**

   **REQUEST FOR REHEARING DENIED.**

MRT
KEB

   **Penzato, J.,** dissents and would grant the rehearing
application. As recently noted by the Louisiana Supreme Court in
**State v. Jarquin**, 25-00503 (La. 9/24/25), 418 So.3d 898, although
the odor of marijuana alone does not provide the probable cause
required to conduct a search without a warrant of a person's place
of residence, see La. Code Crim. P. art. 162.4, it is sufficient
probable cause to support the issuance of the search warrant. See
also **State v. Reis**, 2025-01099 (La. 10/16/25), ___ So.3d ___, 2025
WL 2972284 (per curiam). Here, the search of the residence was
conducted pursuant to a search warrant. Further, at the
suppression hearing, the trial court had the opportunity to observe
the witnesses and weigh the credibility of their testimony. See
**State v. Augustine**, 2024-0420 (La. App. 1st Cir. 5/23/25), 417
So.3d 826, 838. After excising the inaccurate statements from the
affidavit and testing the remaining statements, I find the
affiant's statement that Detective Alexander Thomas smelled the
distinct odor of marijuana emanating from the interior of the
residence provided sufficient probable cause to support issuance
of the warrant.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT